(No. 81-CC-0058—

STATE EMPLOYEES' RETIREMENT SYSTEM OF ILLINOIS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 18, 1982.*

STATE EMPLOYEES' RETIREMENT SYSTEM OF ILLINOIS, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

Claimant seeks payment of the sum of $3.003.20 which sum represents employer retirement contributions

from the State allegedly due Claimant by reason of legislative action granting back salary to certain retired State employees. Claimant alleged that it made demand for the payment from the Office of the Comptroller but such demand was refused on the grounds that the funds appropriated for such payment have lapsed. However, the letter to Claimant from the director of budget and administrative services of the comptroller's office which Claimant attached to its complaint as a bill of particulars states that payment was not made because there was no appropriation for such payment.

On August 20, 1979, P.A. 81-209 became law, making an appropriation for payments mandated by P.A. 81—1132 which reads in pertinent part as follows:

"The State Comptroller shall give reimbursement to employees who retired during fiscal year 1978 but prior to June 30, 1978, and who thus were not eligible for the lump payment, a payment equal to what they would have received had they been under a collective bargaining contract in fiscal year 1978, as is determined by the Department of Personnel."

The payroll was processed and State warrants were issued on June 30, 1980. No concurrent payments were made to social security or retirement because the appropriation by P.A. 81—209 provided only for personal service payments and no employer contributions.

Subsequently, other legislation was passed to provide for payment to social security. Apparently it was felt at that time that retirement contributions were not necessary. Now it appears that Claimant and the Office of the Comptroller feel that although *employee* contributions to retirement are not necessary, *employer* contributions are. Unfortunately no legislation was passed appropriating any money for such payments. Respondent moved for dismissal on those grounds and the case is before us now on that motion.

The Constitution of the State of Illinois states that:

"The General Assembly by law shall make appropriations for all expenditures of public funds by the State. Appropriations for the fiscal year shall not exceed funds estimated by the General Assembly to be available during that year." (Ill. Const. 1970, art. VIII, sec. 2B.)

Furthermore, section 30 of the State Finance Act states that:

"No officer, institution, department, board or commission shall contract any indebtedness on behalf of the State, nor assume to bind the State in an amount in excess of the money appropriated, unless expressly authorized by law." (Ill. Rev. Stat. 1979, ch. 127, par. 166.)

As no officer, institution, department, board or commission of the State may contract indebtedness in excess of the amount of money appropriated to it by the legislature, any such obligations would be void. Because no appropriation was made for payment of what Claimant is seeking, the claim must be denied.

For us to grant an award to the Claimant in this matter would in effect be the making of an appropriation in violation of our State Constitution. The legislature passed the act giving rise to this and it passed the act providing for funding. They did not choose to fund the retirement system which was their prerogative. We cannot do so on these facts.

Claim denied.